IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-10-CR-240 LY |
| § | |
| GARY LEE WHITE § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 28, 2015, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 23, 2010, the Defendant was sentenced to 60 months imprisonment, followed by three years of supervised release, for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). White commenced his supervision on June 20, 2014. White was referred to treatment with Kearley & Schmidt in August 2014, and gained employment by September 2014. On November 20, 2014, however, White submitted a urine specimen that tested positive for cocaine, and admitted to that usage. On the Probation Office's recommendation, the Court took no action at that time. On March 6, 2015, White was cited by Austin Police for possession of less than two ounces of marijuana. The Probation Office thereafter required that White wear a sweat patch beginning on

March 25, 2015, and that patch subsequently returned positive for marijuana and cocaine. White admitted to using both when he met with his Probation Officer on April 16, 2015. He stated then that he would begin making better decisions. That same evening, however, White was arrested by Pflugerville Police and charged with driving with an invalid license, and possession of more than two, but less than four ounces of marijuana. Based on all of this, on May 11, 2015, the Probation Office submitted its Petition, alleging that the Defendant violated his conditions by committing three new crimes, and by using controlled substances. A warrant was issued on May 18, 2015, and the Defendant was arrested on the warrant on May 19, 2015.

On May 28, 2015, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of a new law violation for driving with an invalid license, and to using a controlled substance. He pled "Not True" to the allegations of new law violations for the two possession of marijuana cases, as those cases remain pending in state court.

## FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights.

11.     The Defendant violated conditions of his supervised release by: (1) committing the offense of driving with an invalid license; and (2) testing positive on multiple occasions for the use of marijuana and cocaine.

12.     With regard to the possession of marijuana charges, applying the preponderance of the evidence standard applicable to revocation hearings, the Court finds it more likely than not that White did in fact possess marijuana on both of these occasions, and thereby violated his supervised release conditions.  This is not, however, intended to be a finding regarding White's criminal guilt or innocence on this charge, as that is to be determined by the state court pursuant to the standard of proof beyond a reasonable doubt.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The

Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a VI, resulting in an (advisory) guideline range of 8-14 months of imprisonment. Given his actions described herein, the Court does not believe White is likely to benefit from continued supervision. Thus, having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 10 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of May, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE